IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-58,927-02






EX PARTE SAMUEL BUSTAMANTE









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS

AND MOTION FOR STAY OF EXECUTION FROM CAUSE 

NO. 30,299 IN THE 240TH JUDICIAL DISTRICT COURT

FORT BEND COUNTY




 Per Curiam.


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion for stay
of execution.

 In March 2001, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This
Court affirmed applicant's conviction and sentence on direct appeal. Bustamante v. State,
106 S.W.3d 738 (Tex. Crim. App. 2003). Applicant filed his initial post-conviction
application for writ of habeas corpus in the convicting court on May 9, 2003. This Court
denied applicant relief. Ex parte Bustamante, No. WR-58,927-01 (Tex Crim. App. May 19,
2004)(not designated for publication). Applicant's subsequent application was received in
this Court on April 22, 2010.

 Applicant presents three allegations in his application. In his first claim, applicant
asserts that his execution would violate the United States Supreme Court's opinion in Atkins
v. Virginia, 536 U.S. 304 (2002), holding that the Eighth Amendment prohibits the execution
of the mentally retarded. In his second and third claims, applicant essentially asserts that his
execution would violate due process and equal protection because he has not been afforded
the opportunity and resources to fully litigate his mental retardation claim.

 We have reviewed the application and find that applicant has failed to satisfy his
threshold burden on his claim of mental retardation. See Ex parte Blue, 230 S.W.3d 151, 153
(Tex. Crim. App. 2007). Applicant's other claims likewise fail to meet the dictates of Article
11.071, § 5. Accordingly, we dismiss his application and deny his motion to stay his
execution. 

 IT IS SO ORDERED THIS THE 26TH DAY OF APRIL, 2010.


Do Not Publish